UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――

VSB OPCO, LLC,

                                        Plaintiff,

          v.

SNACK INNOVATIONS, INC.,

                                        Defendant.

―――――――――――――――――――――――――――――――

**[PROPOSED]** **CIVIL
CASE DISCOVERY
PLAN AND
SCHEDULING ORDER**

Case No. 1:23-CV-03662

    Defendant Snack Innovations, Inc. proposes the below Civil Case Discovery Plan and
Scheduling Order.  Plaintiff has objected to this proposal and submitted its own proposed
schedule for discovery.

    The following Civil Case Discovery Plan and Scheduling Order is adopted, after
consultation with counsel for the parties, pursuant to Rules 26(f) and 16 of the Federal Rules of Civil
Procedure.

1.    The case **(is)** (is not) to be tried to a jury.

    `Amended pleadings may be filed pursuant to the Court's Order of July 18, 2023.`

2.    ~~Amended pleadings may not be filed and additional parties may not be joined except with leave
of the Court.  Any pre-motion conference in connection with a motion to amend or join additional
parties must be requested by August 14, 2023.~~

3.    Initial disclosures pursuant to Fed. R Civ. P. 26(a)(l) shall, if not already made, be made
within 14 days of the date of this Order.

4.    All fact discovery shall be completed by January 1, 2024.

The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the
Local Rules of the United States District Court for the Southern District of New York. The following
interim deadlines shall apply, but may be extended by written consent of all parties without
application to the Court, provided that all fact discovery is completed by the date set forth above. Any
extension that would affect the fact discovery cut-off may be obtained only by Court order for good
cause shown. **Any such application will be denied if not made at least three weeks before the
applicable deadline, absent extraordinary circumstances**.

a.    Initial requests for production of documents are to be served by `August 18` ~~July 16,~~ 2023.

b.    Interrogatories are to be served by `August 18` ~~July 16,~~ 2023.

c.    Depositions are to be completed by `December 1` ~~October 31,~~ 2023. Unless counsel agree otherwise
or the Court so orders, depositions are not to be held until  all parties have responded to any
initial requests for production of documents, and depositions shall proceed concurrently.

Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

    d.      Requests to Admit, if any, are to be served by November 15, 2023.

    e.      Any further interrogatories are to be served by November 15, 2023.

5.      The parties are to conduct expert discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

    a.   All expert discovery, including expert depositions, shall be completed no later than April 30, 2024.

    b.   The party with the burden of proof on a claim or counterclaim shall make their expert disclosures in support of its claim or counterclaim pursuant to Fed. R. Civ. P. 26(a)(2) on or before January 31, 2024.

    c.   Rebuttal disclosures, if any, shall be made within 45 days after initial expert disclosures.

    d.   The interim deadlines in paragraphs 5(b) and 5(c) may be extended by the written consent of all parties without application to the Court, provided that expert discovery is completed by the date set forth in paragraph 5(a).

Any extension that would affect that expert discovery cut-off may be obtained only by Court order for good cause shown. **Any such application will be denied if not made at least three weeks before the applicable deadline, absent extraordinary circumstances**.

6.      Additional provisions relating to discovery agreed upon by counsel (are) (**are not**) attached and made a part hereof.

7.      Procedure for discovery disputes:

The party objecting to disclosure, claiming an insufficient response to a discovery request, or asserting a privilege bears the burden of coming forward by bringing the dispute to the attention of the court as hereinafter set forth. A dispute arises on the day when the discovery request or discovery response objected to is received by the adverse party, or should have been received under the applicable rule(s). The objecting party has 3 business days to attempt an amicable resolution of the dispute. If the dispute is not affirmatively resolved within 3 business days, the objecting party then has 5 business days to bring the issue to the attention of the court by a letter brief limited to two (2) pages. Opposing parties have 5 business days thereafter to submit a two (2) page answering letter brief. If appropriate, counsel may annex to the letter briefs relevant portions of relevant documents (not complete documents unless the entire document is relevant).

When a legal privilege is asserted as a basis for refusing to comply with a discovery demand, the party asserting the privilege has 3 business days to attempt an amicable resolution of the dispute. If the dispute is not affirmatively resolved within 3 business days, the party asserting the privilege then has 5 business days to bring the issue to the attention of the Court by a letter brief limited to two (2)

pages, accompanied by a privilege log in full compliance with Local Civil Rule 26.2(a)(1) and (2), and an in camera submission of legible copies of any material to which the privilege is asserted. If the letter, log and copies total more than ten (10) pages, they may not be faxed. If disclosure of the privilege log would result in a revelation of privileged information, the party asserting the privilege shall file the log in camera with the Court, and serve a redacted log on the adverse party. Opposing parties have 5 business days to serve and file an answering two (2) page letter brief.  No reply letter briefs will be accepted. The time for asserting a privilege starts 5 business days from the day when counsel for the objecting party receives the documents from his or her client, but in no event more than 30 days from the date when the documents are demanded, unless otherwise ordered by the court.

The time limitations set forth in this paragraph 7 may not be extended without the prior approval of the Court. **Any objection to discovery which is not raised within these time limitations will be waived**.

8.      Next Case Management Conference _____TBA_____. (This date will be set by the Court at the first conference.)                            -              -

All counsel must have at least one substantive joint discussion of settlement at least two weeks before the conference date set forth above. If at any time the parties believe the assistance of a Magistrate Judge or court mediator for settlement purposes would be helpful, they should so advise the Court by letter. Pre-motion letters are due 30 days after the close of expert discovery.

If no dispositive motions are contemplated, a date for trial – or, if the Court's schedule does not permit a firm date, a date by which the parties should be ready for trial on 48 hours' notice (or on such other notice as the Court may prescribe) – will be set at the conference. Dates for the submission of the Joint Pretrial Order, motions in limine, proposed voir dire questions, and requests to charge will also be set at the conference. ~~The parties should be prepared for at least the Joint Pretrial Order to be due 30 days after the close of discovery.~~

Except as otherwise set forth above, this Plan and Order may not be changed without leave of the Court ~~or the assigned Magistrate Judge acting under a specific order of reference.~~

SO ORDERED.

Dated: _July 18, 2023_

_____
Hon. Naomi Reice Buchwald